OPINION
Appellant Kimberly Constable appeals a summary judgment of the Richland County Common Pleas Court dismissing her action against appellee the City of Mansfield arising out of the death of her husband:
ASSIGNMENTS OF ERROR:
 I. WHERE A HAZARD IS NOT NECESSARILY ONE OF EMPLOYMENT BUT IS ONE COMMON TO THE PUBLIC IN GENERAL AND THERE IS NO CAUSAL CONNECTION BETWEEN THE EMPLOYMENT INJURY, THE WORKMEN'S COMPENSATION LAW OF OHIO IS NOT A BAR TO INJURED PARTIES RECOVERING FROM THE EMPLOYER.
 II. WHERE AN EMPLOYER OCCUPIES A SECOND OR DUAL CAPACITY WHICH CONFERS UPON IT OBLIGATIONS UNRELATED TO AND INDEPENDENT OF THOSE IMPOSED UPON IT AS AN EMPLOYER, EMPLOYEE INJURED RESULT OF A VIOLATION OF EMPLOYER'S SECOND OR DUAL CAPACITY OBLIGATION IS NOT BARRED BY WORKMEN'S COMPENSATION LAW FROM RECOVERING FROM THAT EMPLOYER.
The facts in the instant case are not in dispute. Geoffrey Constable was employed as a meter reader by the City of Mansfield. On December 12, 1995, Constable and his supervisor were reading meters in factory buildings in Mansfield. The buildings, which had previously been used by Artesian Industries, were given to the City of Mansfield two months earlier. The city intended to lease the buildings out at favorable rates to small businesses. Constable and his supervisor were at the property to make final water and sewer meter readings before transferring the service to the city.
Two primary buildings were located at the Fifth Street property. The buildings sat side by side, and were connected at the second floor by two enclosed bridges. One bridge is a pedestrian walkway; the second contained a conveyor.
The building was mostly vacant except for a few tenants on the first floor. Constable and his supervisor met one of the tenants and asked for permission to read the meters. After reading the meters, they asked the tenant how to get into the other building to read the meters. The tenant told them about the pedestrian walkway on the upper floor. He took them to the stairwell, which led to the upper floor, and warned them to be careful because of weak flooring.
On the second floor, the pedestrian walkway was blocked by a locked door, and the conveyor bridge was blocked by a taped-on plastic sheeting. The meter readers climbed a railing, removed the plastic sheet, and crossed the conveyor bridge. On the other side, Constable stepped onto a piece of Styrofoam, which covered a hole between the first and second floor, through which the conveyor formerly passed. The Styrofoam was dirty, and Constable apparently thought he was stepping on the floor. The Styrofoam covering the floor opening and the plastic sheet over the entrance to the bridge were placed in the building before it was given to the city.
As a result of his fall through the open hole, Constable suffered serious injuries, which caused his death almost immediately. Constable's family received workers' compensation benefits for his death.
Appellant brought the instant action seeking damages from appellee, in addition to workers' compensation. The complaint alleged that appellee was liable on the basis of intentional tort, and pursuant to the dual capacity doctrine. The court dismissed the action on summary judgment.
 I. II.
Appellant agrees in her brief that both Assignments of Error raise the same issue, and should be considered together.
Under the dual capacity doctrine, an employer who is normally shielded from tort liability by the exclusive remedy principle, may become liable in tort if he or she occupies, in addition to his or her status as an employer, a second capacity that would confer independent obligations upon him or her. Hillman vs.McCaughtrey (1989), 56 Ohio App.3d 100, 101. The seminal case in Ohio concerning dual capacity doctrine is Guy vs. Arthur H. ThomasCompany (1978), 55 Ohio St.2d 183. In Guy, a lab technician was employed by a hospital. In the course of her employment, she contracted mercury poisoning. She consequently became a patient in the hospital, where she was negligently treated for her condition. The Ohio Supreme Court held that she could sue the hospital for malpractice, independently of workers' compensation, because when she became a patient, the hospital took on additional and independent duties toward her.
Appellant argues that because the city owned the building where Constable was reading the meter, it took on the additional duties toward him owed by a business to its invitees. Generally, an employer cannot be sued as the owner or occupier of land, whether the cause of action is based on common law obligations of land owners, or on statutes such as safe place statutes or structural work acts. Hillman, 56 Ohio App.3d at 102. An employer will almost always own or occupy the business premises, and if each obligation related to the employer's status as a land holder could give rise to a tort suit, in addition to workers' compensation remedies, the concept of exclusiveness of remedies would be reduced to a shambles. Id. This general rule is applied uniformly, even in situations where the relationship between the employer's business activities and his land ownership is remote.Id.
The instant action is similar to Freese vs. Consolidated RailCorp. (1983), 4 Ohio St.3d 5. In Freese, a motorcycle policeman for the City of Cincinnati, while on duty and operating his motorcycle, caught one of the wheels of his motorcycle in a depression adjacent to a railroad track, causing his motorcycle to overturn. The policeman sued the city under the theory that its obligation to keep its streets open, in repair, and free from nuisance, was independent to the employer-employee relationship, and the dual capacity doctrine applied. The Ohio Supreme Court rejected the argument, finding that the city did not occupy two independent and unrelated relationships with the employee, as the injuries for which the appellant sought damages were those suffered in the course of his employment, due to his employer's negligence in failing to maintain a safe place to work. Id. at 12. The court further reasoned that to apply the dual capacity doctrine in such a case would result in injured municipal employees, who regularly work and travel upon the public streets, highways, and sidewalks of the city to legally circumvent the exclusivity provisions of the Workers' Compensation Act, and both obtain the benefits of the Act and recover in tort. Id.
In the instant case, Constable was performing the ordinary duties of his job as a meter reader. He was in the building, which happened to belong to the city, to read a meter. His status with the city at that time was as an employee, and nothing more. As in Hillman, Constable was on appellee's premises as an employee, and there was no evidence that he would have been on the premises but for his status as employee. 56 App.3d at 103. Therefore, a direct causal connection existed between the employment and Constable's presence at the work site. Id.
The Assignments of Error are overruled.
The judgment of the Richland County Common Pleas Court is affirmed.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 97-CA-56
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Common Pleas Court is affirmed. Costs to appellant.